Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

*Attorneys for Plaintiff,*
*David Ortega*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| DAVID ORTEGA, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MANN ROBINSON, an individual; MANN ROBINSON DISTRIBUTION LLC, a Georgia limited liability company; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:25-cv-08486<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |

---

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**

David Ortega ("Ortega" or "Plaintiff"), by and through his attorneys of record, complains against Mann Robinson ("Robinson"), Mann Robinson Distribution LLC ("Robinson Distribution"), and Does 1-10 inclusive (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and fraud under California state law.

2.      This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a), and supplemental jurisdiction over the related fraud claim under 28 U.S.C. § 1367.

3.      Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California and F.R.C.P 4(k)(2). Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the events undergirding the injury suffered by Plaintiff took place in this Judicial District.

## PARTIES

4.      Ortega is an individual who regularly resides in Los Angeles County, California.

5.      Ortega is informed and believes and, upon such, alleges that Mann Robinson is an individual who regularly resides in or near Fulton County, Georgia.

6.      Ortega is informed and believes and, upon such, alleges that Mann Robinson Distribution LLC is a Georgia limited company with its principal place of business at 1035 Donnelly Avenue SW, Atlanta, GA 30310 or 8735 Dunwoody Place, Suite R, Atlanta, GA 30350.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**

7.     DOES 1 through 10, inclusive, are unknown to Ortega, who therefore sues said Defendants by such fictitious names. Ortega will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Ortega is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Ortega's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

8.     Plaintiff created various video effects that are copyrighted here and entitled "Broadday - VFX Shot Compilation by David Ortega (Uncolor Graded)" and subject to the copyright registration certificate attached as **Exhibit A** hereto (collectively hereafter referred to as "Broadday - VFX Shot Compilation"). Plaintiff registered his works with the Copyright Office on May 14, 2025.

9.     Plaintiff and Defendants had worked together historically on many movie productions where Defendants sought out Plaintiff in this jurisdiction and venue to create new works of visual effects for use in Defendants' films.

10.     Plaintiff historically always made clear that until payment was made, there was no right to use the Plaintiff's works and Plaintiff's works were low resolution versions with visible timecodes to deny any improper use.

11.     Plaintiff never assigned any of his copyrighted creations to Defendants.

12.     In 2024, Defendants again reached out and sought Plaintiff to create various special effects scenes for a movie Defendants were producing, entitled *Broadday*

13.     Plaintiff in turn created 70 distinct works - the Broadday - VFX Shot Compilation intended for use across 110 different shots in the film.

14.     Plaintiff delivered the first batch of works in low res with visible time overlays for Defendants' review. Defendants then asked to see actual full resolution copies of the Broadday - VFX Shot Compilation works.

3

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**

15.    Defendants had not paid, so Plaintiff was reluctant.

16.    Defendants said they just needed to see Plaintiff's created works in full resolution, the video files, for testing purposes only—to "test them in the time line" and not for actual release, as represented to Plaintiff—as this project was on hyper-rush basis.

17.    Plaintiff allowed them to see the video files for these testing purposes only and not for any actual production use or for release or public distribution.

18.    Defendants then downloaded and reproduced Plaintiff's works, and when. Plaintiff sought payment, he was told there were "Network QC" issues, and then Defendants disappeared, ignoring Plaintiff's subsequent communications that were sent for the works.

19.    Defendants then, without notice to Plaintiff, released their movie on streaming networks including in this District, with Plaintiff's works in them on March 13, 2025, a movie release that also lacked attribution to Plaintiff for his works. Plaintiff still sought payment, unaware his works had been taken and actually used in a final movie, and was still ignored.

20.    Then Plaintiff, upon learning of the release, notified Defendants of the infringement of his works.

21.    Defendants still refused to pay Plaintiff anything.

22.    Instead, Defendants ceased video platform-based distribution of the film for a short time.

23.    In that hiatus, Defendants re-created alternative video works to replace Plaintiff's works, knowing they had no right to use Plaintiff's works.

24.    Defendants then re-released the movie on the same streaming networks including in this District.

25.    But the re-released movie still contains 5 video shots of Plaintiff's works from the Broadday - VFX Shot Compilation, part of the copyrighted works at issue here, and still fails to list attribution to Plaintiff as the creator-author.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**

26.     The movie is currently live online and on streaming platforms, infringing Plaintiff's copyrights.

27.     Defendants also used Plaintiff's copyrighted works in their film advertisements made for their movie release, where they further modified without consent Plaintiff's copyrighted works for use in multiple advertising mediums, including YouTube, Facebook, Instagram and TikTok.

28.     Despite the copyright infringement notice many months ago, the advertisements using the infringing works continue to this day, as does the movie release with continued use of various works from the Broadday - VFX Shot Compilation.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501, Against All Defendants)

29.     Ortega incorporates herein by reference the allegations in paragraphs 1 through 28 above.

30.     Ortega is the rights holder to the copyright of the Broadday - VFX Shot Compilation, which substantially consists of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Ortega has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. As alleged above and evidenced by **Exhibit A**, the Broadday - VFX Shot Compilation have been timely registered with the United States Copyright Office.

31.     The Broadday - VFX Shot Compilation contains 70 works that are each independently economic valuable.

32.     Defendants have directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Ortega's copyrights by reproducing, displaying, distributing, and utilizing the Broadday - VFX Shot Compilation for purposes of trade without authorization of or payment to Ortega in violation of 17 U.S.C. § 501 *et seq.*

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**

33.    Defendants have willfully infringed, and unless enjoined, will continue to infringe Ortega's works by knowingly reproducing, displaying, distributing, and utilizing the Broadday - VFX Shot Compilation for purposes of trade.

34.    Ortega is informed and believes that Defendants' acts of infringement are willful because, *inter alia*, the Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

35.    Ortega is informed and believes that Defendants, despite such knowledge, willfully reproduced, publicly distributed, and publicly displayed the Broadday - VFX Shot Compilation on popular streaming services including Tubi and Tvei.tv. Even after notice, as outlined above, Defendants continued to use the Plaintiff's works in their movie and in their advertisements of the movie.

36.    Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Broadday - VFX Shot Compilation for purposes of trade, including by increasing the traffic to their websites, licensing deals, and advertisement deals.

37.    Defendants' unauthorized actions were and are continuing to be performed without Ortega's permission, license, or consent.

38.    Defendants' wrongful acts have caused, and are causing, great injury to Ortega, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Ortega will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Ortega seeks a declaration that Defendants are infringing Ortega's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Ortega's copyrights.

39.    As a result of Defendants' wrongful acts alleged herein, Ortega has suffered and is suffering damage to its business in the form of diversion of trade,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**

loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

40.    Ortega is entitled to actual damages in an amount to be proven at trial for the infringement of all his works at issue.

41.    Ortega has identified at least 52 copyrighted works—namely, the Broadday - VFX Shot Compilation—infringed by Defendants, which occurred by way of reproduction, public distribution, and public display of the Broadday - VFX Shot Compilation on streaming services and through licensing deals with other companies.

42.    Ortega is entitled to statutory damages given the timely registration certificate that covers the 52 distinct works, each independently economically valuable, or alternatively his lost profits plus Defendant's ill-gotten gains, which election he can make any time before Judgment.

43.    Ortega is also entitled to his attorneys' fees in prosecuting this action.

## SECOND CLAIM FOR RELIEF

**(Fraud (Intentional and/or Negligent Misrepresentations, False Promise and/or Concealment) Against All Defendants)**

44.    Ortega incorporates herein by reference the allegations in paragraphs 1 through 28 above.

45.    Defendants represented to Plaintiff in this District that it only wanted to see his video files in high resolution, non-timestamped form for testing purposes only.

46.    Defendants' representations were false, Defendants knew or should have known the representations were false when they made them, and intentionally or negligently failed to disclose the fact that they were intending to take the video footage for non-testing purposes.

47.    Defendants intended Plaintiff to rely on the representations and Defendants did not intend to perform the promises when made. Or if although

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**

1  Defendants honestly believed the representations were true when made, Defendants

2  had no reasonable grounds for believing the representation was true when made.

3      48.    Plaintiff reasonably relied on the representations and allowed

4  Defendants to see the video files by that inducement of the Defendants. Had

5  Defendants not intentionally or negligently misrepresented and concealed facts,

6  Plaintiff would not have allowed access to his video footage.

7      49.    Plaintiff has been harmed and Plaintiff's reliance on Defendants'

8  representations and concealments was a substantial factor in causing Plaintiff's

9  harm.

10      50.    Plaintiff has thus been damaged in an amount to be proven at trial.

11      51.    The misrepresentations, omissions, and concealments were made

12  fraudulently, willfully and maliciously and entitle Plaintiff to an award of punitive

13  and exemplary damages.

## PRAYER FOR RELIEF

15  WHEREFORE, Ortega requests judgment against Defendants as follows:

16      1.    Defendants, their officers, agents, servants, employees, representatives,

17  and attorneys, and all person in active concert or participation with them, be

18  permanently enjoined from designing, copying, reproducing, displaying, promoting,

19  advertising, distributing, or selling, or any other form of dealing or transaction in,

20  any and all advertising and promotional materials, print media, signs, Internet

21  websites, or any other media, either now known or hereafter devised, bearing any of

22  the Broadday - VFX Shot Compilation works which infringe, contributorily

23  infringe, or vicariously infringe upon Ortega's rights in the 52 distinct works of

24  video effects at issue;

25      2.    Statutory damages for Defendants' copyright infringement, including

26  willful infringement, in accordance with 17 U.S.C. §§ 504 (a)(2) and (c) and for

27  costs, interest, and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

28

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**

3.     An accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Ortega's copyrights pursuant to 17 U.S.C. § 504 (a)(1) and (b);

4.     Requiring Defendants to account for and pay over to Ortega all profits derived by Defendants from their acts of copyright infringement and to reimburse Ortega for all damages suffered by Ortega by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) and (b);

5.     Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) and (b);

6.     Damages for fraud;

7.     Punitive damages for fraud; and

8.     Ortega be awarded any such other and further relief as the Court may deem just and appropriate.

Dated:  September 8, 2025                    **ONE LLP**

By: */s/ Peter R. Afrasiabi*
Peter R. Afrasiabi
Joanna Ardalan

*Attorneys for Plaintiff,*
*David Ortega*

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**

1

## **DEMAND FOR JURY TRIAL**

Plaintiff David Ortega hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  September 8, 2025                              **ONE LLP**


                                       By: */s/ Peter R. Afrasiabi*
                                             Peter R. Afrasiabi
                                             Joanna Ardalan

                                             *Attorneys for Plaintiff,*
                                             *David Ortega*

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FRAUD**